**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Jonathan E. COLE.**

**No. 90–351–M.P.**

Supreme Court of Rhode Island.

July 19, 1990.

Frank A. Carter, Chief Disciplinary Counsel, plaintiff pro se.

Alan S. Flink, Providence, for defendant.

OPINION

PER CURIAM.

The respondent, Jonathan E. Cole (Cole), a member of the Rhode Island Bar, was ordered to appear before the Supreme Court to show cause why he should not be suspended from the practice of law. The petitioner, the Supreme Court Disciplinary Counsel, has informed us that the respondent has been suspended from the practice of law by the Supreme Court of Florida for a period of ninety days effective June 1, 1990. The Disciplinary Counsel has requested that the respondent receive identical discipline in the State of Rhode Island in accordance with the reciprocity rule, Supreme Court Rule 42–14.

The respondent was arrested on July 28, 1989, in West Palm Beach, Florida, for attempting to purchase cocaine from an undercover agent. The agent was posing as a street dealer and was selling a laboratory-produced rock-cocaine look-alike containing no controlled substances. The respondent accepted what he thought to be rock-cocaine from the agent and paid him the sum of $10 in cash. Misdemeanor charges were filed against respondent. He agreed, however, to a six-month deferred prosecution agreement, and the case was resolved by nolle prosequi after he successfully completed the program and the charges against him were disposed of.

The Florida bar filed a complaint against Cole charging him with the violation of Rule 3–4.3 of the Florida Rules of Discipline, which proscribes conduct by an attorney that is unlawful or contrary to honesty and justice. The Florida complaint also

stated that by such conduct respondent violated Rules 4–8.4(a) and 4–8.4(b) of the Rules of Professional Conduct. These rules provide, respectively, that a lawyer shall not violate or attempt to violate the Rules of Professional Conduct and shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

The respondent admitted his culpability by filing a conditional guilty plea for consent judgment with a referee of the Supreme Court of Florida. The plea was entered on March 30, 1990, and stated that respondent was acting freely and voluntarily and with the advice of counsel of his choice. The respondent pleaded guilty to having violated the rules quoted in the complaint above and admitted that the violations stemmed from the facts as recited above.

On May 17, 1990, the Florida Supreme Court issued an order suspending respondent from practicing law for ninety days effective June 1, 1990.

 Pursuant to the rule of reciprocity, Supreme Court Rule 42–14, we shall apply reciprocity to the Florida order, suspending respondent for the same period. The period of suspension shall run from the date of this order until the last effective date of the Florida order, which we have calculated to be on or about August 31, 1990.

The rule governing reciprocal discipline provides in pertinent part as follows:

"42–14. Reciprocal discipline.—(a) Upon receipt of a certified copy of an order that an attorney admitted to practice in this state has been disciplined in another jurisdiction, this court shall forthwith issue a notice directed to the respondent-attorney containing:

(1) a copy of said order from the other jurisdiction; and

(2) an order directing that the respondent-attorney inform this court within thirty (30) days from service of the notice, of any claim by the respondent-attorney that the imposition of the identical discipline in this state

would be unwarranted, and the reasons therefor.

\* \* \* \* \* \*

(c) Upon the expiration of thirty (30) days from service of the notice issued pursuant to the provisions of (a) above, this court shall impose the identical discipline unless Counsel or the respondent-attorney demonstrates, or this court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears:

(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not consistently with its duty accept as final the conclusion on that subject; or

(3) that the imposition of the same discipline would result in grave injustice; or

(4) that the misconduct established has been held to warrant substantially different discipline in this state.

Where this court determines that any of said elements exist, this court shall enter such other order as it deems appropriate.

(d) In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state."

The respondent argues (1) that since the record in this case shows that he was not convicted of any crime in Florida, the conduct that was the basis for the Florida discipline would not justify the same discipline in this State and (2) that the imposition of the same discipline would result in a grave injustice (according to Rules 42–14(c)(3) and 42–14(c)(4)). The respondent points to Rule 42–12 as proof that he cannot be disciplined if he was not convicted of the crime.

We hereby reject the respondent's argument and point to Supreme Court Rule 42–2 as a ground for this respondent's discipline, which provides that "[a]cts or omissions by an attorney * * * which violate the Rules of Professional Conduct as adopted and promulgated as a rule of this court * * * shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship." An attorney need not be convicted of a crime to be charged with misconduct that violates the Rules of Professional Conduct (Supreme Court Rule 47). In the circumstances this State, in all probability, would have imposed the same type of discipline. Had the respondent admitted in this State to the same facts to which he admitted in Florida, he would have been suspended according to rules substantially identical to those cited as a basis for the Florida suspension. Rule 8.4(a) and Rule 8.4(b) of the Rhode Island Rules of Professional Conduct provide that it is professional misconduct for a lawyer to violate or to attempt to violate the Rules of Professional Conduct and to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

Accordingly we will invoke the provisions of our reciprocal disciplinary statute. It is hereby ordered and decreed that the respondent, Jonathan E. Cole, be and is hereby suspended from the practice of law before the courts of this state for a period of time beginning with the publication of this order and terminating on August 30, 1990.

MURRAY, Justice, concurring.

I reluctantly join with my colleagues in the conclusion that the reciprocity statute, Supreme Court Rule 42–14, be construed to apply in the instant case.

It is my considered opinion that the reciprocity accorded to the Florida disposition should not be construed as a reflection of what this member of the court might do under similar circumstances. If this were a matter of first impression in this jurisdiction, I would not be inclined to deal as leniently with the respondent as did the Florida authorities.