718 A.2d 920 (1998)
In the Matter of Edward J. McENANEY.
No. 98-381-A.
Supreme Court of Rhode Island.
October 9, 1998.
David Curtin, Chief Disciplinary Counsel, for Petitioner.
Thomas F. Connors, Providence, for Respondent.
Before LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.
OPINION
PER CURIAM.
This case came before the Supreme Court pursuant to a petition for discipline filed by Disciplinary Counsel. Article III, Rule 24, of the Supreme Court Rules of Disciplinary Procedure, entitled "Proceedings in cases involving conviction of crime," provides, in pertinent part, as follows:
"An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by imprisonment for more than one (1) year in this or any other jurisdiction may * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."
The facts giving rise to this petition are as follows. On April 20, 1997, respondent, a member of the Rhode Island Bar, was arrested by detectives of the Rhode Island State Police. The arrest arose from a "reverse sting" operation, whereby police officers pose as drug dealers and attempt to sell narcotics to individuals suspected of drug use. Upon receiving information from a confidential informant that respondent was a known drug user, state police detectives applied for and obtained an order from the Presiding Justice of the Superior Court authorizing the "sting" transaction. The respondent purchased crack cocaine, having a street value of $50, from an undercover police officer. After making the purchase, respondent was arrested by the police for possession of cocaine. Subsequent to the arrest, a consensual search of respondent's motor vehicle resulted in the recovery of a partially smoked marijuana cigarette from the vehicle's ashtray, and respondent also was arrested for possession of marijuana.
On July 8, 1997, respondent was charged in a two-count criminal information based upon the above arrest. Count 1 alleged possession of a controlled substancecocainein violation of G.L.1956 § 21-28 *921 4.01(C)(1)(a), and count 2 alleged possession of a controlled substancemarijuanain violation of § 21-28-4.01(C)(1)(b). The respondent was referred to a program of diversion, the successful completion of which would have resulted in dismissal of all charges. However, respondent never was accepted formally into the diversion program, and the criminal charges were pursued. On June 15, 1998, respondent entered a plea of nolo contendere to each count of the criminal information. On July 23, 1998, respondent was sentenced to a term of probation of two years for possession of cocaine and one-year probation for possession of marijuana, sentences to be served concurrently. Additionally, he was ordered to perform one hundred hours of community service and to obtain substance abuse counseling.
Disciplinary Counsel has filed the instant petition, alleging that respondent's sentence to a period of probation, after entry of a nolo contendere plea, constitutes a conviction for purposes of Article III, Rule 24, of the Supreme Court Rules. We note that G.L.1956 § 12-18-3 provides that upon completion of a probationary period subsequent to a nolo contendere plea, the plea and probation shall not constitute a conviction for any purpose.[1] The respondent currently is serving his probationary period, which will not be completed until July 23, 2000. The statute is silent as to whether a nolo plea followed by probation constitutes a conviction while the probationary period still is being served.
We need not address that issue. An attorney does not need to be convicted of a crime to be charged with misconduct that violates the Rules of Professional Conduct. Carter v. Cole, 577 A.2d 669, 671 (R.I.1990). Rule 8.4(b) of Article V of the Supreme Court Rules of Professional Conduct provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer." In entering a nolo contendere plea, respondent has admitted to sufficient facts to be found guilty of the crimes charged. Accordingly, we believe that professional discipline is warranted whether or not respondent is convicted.
In determining the appropriate level of discipline to impose, it must be noted that the purpose of professional discipline is not to punish the attorney, but to protect the public and maintain the integrity of the profession. In the Matter of Almonte, 678 A.2d 457, 458 (R.I.1996). The respondent has received his punishment through the criminal justice process. He presently is receiving counseling to address his substance abuse problems.
This Court cannot condone the use of unlawful narcotics by a member of the bar. However, we note that the conduct the respondent was charged with is unrelated to the practice of law, and did not involve a crime of dishonesty. Therefore, we deem it appropriate that the respondent be suspended from the practice of law for thirty days. We further order the respondent to provide disciplinary counsel with monthly reports from his substance abuse counselor and the results of drug-screening tests, for the period of time during which he remains on probation. Failure to provide this information, or a positive result on a drug-screening test, shall be grounds for further discipline.
In order to provide for minimum disruption to the respondent's clients, the period of suspension ordered herein shall become effective thirty days from the date of this opinion.
WEISBERGER, C.J., did not participate.
NOTES
[1] General Laws 1956 § 12-18-3(a) provides:

"Plea of nolo contendere followed by probationEffect.(a) Whenever any person shall be arraigned before the district court or superior court, and shall plead nolo contendere, and the court places the person on probation pursuant to § 12-18-1, then upon the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose. Evidence of a plea of nolo contendere followed by a period of probation, completed without violation of the terms of said probation, may not be introduced in any court proceeding, except that records may be furnished to a sentencing court following the conviction of an individual for a crime committed subsequent to the successful completion of probation on the prior offense."