**In the Matter of Charles H. DiLUGLIO.**

**No. 2003–485 M.P.**

Supreme Court of Rhode Island.

Dec. 17, 2003.

Christopher S. Gontarz, Esq., for Plaintiff.

David Curtin, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court pursuant to a petition for discipline filed by Disciplinary Counsel. On June 30, 2003, the respondent, Charles H. DiLuglio, a member of the bar of this state, entered a nolo contendere plea in the Superior Court to three counts of giving false documents to an agent, employee, or public official, in violation of G.L.1956 § 11–18–1. Violation of this statute is a misdemeanor offense punishable by up to one year in prison or a fine not exceeding $1,000. On July 2, 2003, the court sentenced respondent to concurrent one-year sentences of unsupervised probation and fined him $1,000 on each of the three counts.

This Court's disciplinary counsel filed the judgment of conviction with us and sought the imposition of discipline in accordance with the provisions of Article III, Rule 12 of the Supreme Court Rules of Disciplinary Procedure, entitled "Attorneys convicted of crimes." Subsection (d) of Rule 12, which applies to misdemeanor convictions, authorizes this Court to "take such action as it deems warranted" when presented with "a certificate of a convic-

tion" which shows that a member of the bar of this state has been convicted of a misdemeanor offense. The respondent appeared before this Court with counsel on October 30, 2003, pursuant to our directive that he show cause why the petition should not be granted. Having heard the presentations of counsel and respondent, respectively, we determine that discipline is warranted in this case.

These criminal charges arose from respondent's conduct while he was representing a client who was a defendant in a civil lawsuit. The plaintiffs in that matter brought a claim seeking title to a portion of the client's property under a theory of adverse possession. Without the knowledge, consent, or authorization of the client, respondent "settled" the litigation by signing his client's name to a quitclaim deed, notarizing the client's purported signature to that deed, and recording the deed in the land-evidence records of the Town of Charlestown. Additionally, he signed his client's name to a land-development application and to a modification of a mortgage, and he recorded those documents, as well. He also entered into a consent judgment resolving his client's case adversely to her interests, and that consent judgment became an order of the court. The client became aware of these facts at a later date when she discovered the recorded quitclaim deed, at which point she filed a criminal complaint with the Rhode Island State Police.

The respondent fully acknowledged his misconduct to this Court, and expressed his sincere remorse. In advance of his appearance before the Court, he reached an agreement with the client, who was represented by new counsel, to compensate her for the value of her lost land as well as the legal fees she had paid to her new attorney. The agreed-upon compensation of $25,000 has been paid in full.

Our review of the record in this matter reveals that respondent did not undertake these actions for personal gain. He essentially panicked in the face of an imminent trial in an area of law in which he had little experience. At the time of these events he was under significant stress brought on by his wife's and his only child's serious medical problems. He has practiced law in this state since 1976, and in his twenty-seven years as a member of the bar, this is his first disciplinary infraction.

In fashioning an appropriate sanction to impose it must be noted that "[t]he purpose[] of professional discipline [is] to protect the public and maintain the integrity of the profession." *In re Almonte*, 678 A.2d 457, 458 (R.I.1996) (per curiam). Punishment is not a purpose of discipline, and the respondent has received his punishment through the criminal justice system. See *In re McEnaney*, 718 A.2d 920, 921 (R.I.1998) (per curiam). We weigh both the mitigating and aggravating factors in determining the proper level of discipline to impose. *In re Fishbein*, 701 A.2d 1018, 1020 (R.I.1997) (per curiam).

The respondent has presented us with sufficient mitigating factors for us to conclude that his continued practice of law would not be subversive of the public interest. We cannot, however, overlook or condone that he is guilty of three crimes involving dishonest conduct integrally related to the practice of law. Therefore, we deem it appropriate that the respondent be suspended from the practice of law for three months, with that period of suspension commencing upon the issuance of this opinion. At the conclusion of that three-month period of suspension he shall be reinstated automatically to the practice of law.