**In re William M. SAWYER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 162388).**

**No. 07–BG–886.**

District of Columbia Court of Appeals.

Submitted June 19, 2008.
Decided July 17, 2008.

Before FARRELL, Associate Judge, Retired,* and NEBEKER and SCHWELB, Senior Judges.

PER CURIAM.

In this reciprocal disciplinary proceeding against respondent, William M. Sawyer,[1]

the Board on Professional Responsibility ("Board") has recommended that we impose the reciprocal and identical discipline of a three-year suspension, with reinstatement conditioned upon proof of fitness, to be effective immediately but deemed to commence for purposes of reinstatement when respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). No exceptions to the Board's Report and Recommendation have been filed.

On June 21, 2007, the Supreme Court of Kentucky suspended respondent from the practice of law for three years with a fitness requirement based on his guilty plea to criminal charges of possession of cocaine, possession of a prescription drug not in its original container, and possession of drug paraphernalia.[2] Those felony charges were ultimately dismissed after respondent was granted, and successfully completed, pretrial diversion. He was sentenced to one year of incarceration on related misdemeanor charges, but that sentence was stayed in favor of two-years of probation, which respondent has completed. In the disciplinary proceedings, respondent's consent suspension was based on his admission that he had committed a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer.[3]

On August 29, 2007, this court temporarily suspended respondent and directed: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline

* Judge Farrell was an Associate Judge of the court at the time of submission. His status changed to Associate Judge, Retired, on July 1, 2008.

1. Respondent became a member of the D.C. Bar in 1973; however, he has been administratively suspended since September 2003 for failure to pay dues.

2. *Sawyer v. Kentucky Bar Association,* File No.2007–SC–000297–KB (June 21, 2007).

3. *See* Kentucky Supreme Court Rule 3.130–8.3(b) and its identical equivalent in D.C. Rule of Professional Conduct 8.4(b). Although it does not affect our disposition here, we note that neither federal law nor District of Columbia law appears to criminalize possession of a prescription drug not in its original container.

within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board to either recommend reciprocal discipline or proceed de novo. Thereafter, the Board filed a statement recommending reciprocal discipline of a three-year suspension with a requirement to prove fitness as a condition for reinstatement. Neither Bar Counsel nor respondent has filed exceptions, and respondent has not participated at any stage of this proceeding.

In its report and recommendation, the Board found that the record supported the imposition of reciprocal and identical discipline. Where no exceptions have been noted, this court reviews a foreign disciplinary proceeding "to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline...." *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Kentucky proceeding because respondent participated in the proceeding and, represented by counsel, admitted the violation and consented to the discipline.

A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (quoting *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Here, a three-year suspension is within the range of sanctions that would be imposed in this jurisdiction for a violation of District of Columbia Rule of Professional Conduct 8.4(b). *See In re Jacoby*, 945 A.2d 1193, 1200 (D.C.2008) (sanctions for a violation of Rule 8.4(b) " 'have traditionally ranged from a thirty-day suspension to disbarment.' ") (quotation omitted). Since no exception has been taken to the Board's report and recom-

mendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them and adopt the sanction the Board has recommended. Accordingly, it is

ORDERED that William M. Sawyer is suspended from the practice of law in the District of Columbia for a period of three years with a requirement to prove fitness as a condition of reinstatement, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit in compliance with the requirements of D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*