**In the Matter of Stephen M. HUNTER.**

**No. 2009–208–M.P.**

Supreme Court of Rhode Island.

Oct. 8, 2009.

David Curtin, Disciplinary Counsel.

John B. Harwood, Esq., Kevin J. Bristow, Esq., Providence.

## AMENDED ORDER

This came before the court at its conference on September 15, 2009 pursuant to a petition for discipline filed by Disciplinary Counsel. Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure entitled "Proceedings in cases involving conviction of crime," provides, in pertinent part, as follows:

"An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by imprisonment for more than one (1) year in this or any other jurisdiction may * * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."

The facts giving rise to this petition are as follows. The respondent, Stephen M. Hunter, is a member of the Rhode Island Bar. On March 23, 2009 the respondent entered a nolo contendere plea to one felony count of possession of a controlled substance, steroids, in violation of G.L. 1956 § 21–28–4.01(c)(2)(i); three misdemeanor counts of domestic assault, in violation of G.L. 1956 § 11–5–3 and G.L. 1956 § 12–29–5; and one misdemeanor count of malicious injury to property, in violation of G.L. 1956 § 11–44–1 and § 12–29–5.[1] Upon acceptance of his plea of nolo contendere the Superior Court sentenced the respondent as follows. On the felony count, he received a three year sentence, suspended, with three years of probation. The conditions of probation include substance abuse evaluation and participation in counseling. On the misdemeanor charges he received a one year suspended sentence and one year probation on each count, and must obtain domestic violence counseling. The sentences imposed on each count are to be served consecutively to each other resulting in a total sentence of seven years, suspended, and seven years probation. It is also a condition of each sentence that he have no contact with the victim.

The respondent appeared before the court with counsel. He did not contest the factual allegations as set forth in the petition filed by counsel. However, he requested that this Court impose a sanction less severe than revocation or suspension of his license to practice law.

He presented the following mitigating factors in his request for leniency. The respondent has been a member of the bar for eighteen years and has no prior history of public discipline. His criminal conduct, while serious, did not involve a client and is not related to his practice of law. Additionally, he is attending both substance abuse counseling and anger management counseling and is in compliance with all of the terms of his sentence.

---

1. Several other charges contained in the criminal information were voluntarily dismissed by the state in accordance with Rule 48(a) of the Superior Court Rules of Criminal Procedure. Disciplinary Counsel has not requested that we consider those dismissed allegations, and we have not done so. However, we note that this Court has previously determined that an attorney does not need to be convicted of a crime to be charged with misconduct that violates the Rules of Professional Conduct. *In re McEnaney*, 718 A.2d 920, 921 (R.I.1998); *Carter v. Cole*, 577 A.2d 669, 671 (R.I.1990).

When an attorney has been convicted of a felony, the only issue before this Court on a petition filed in accordance with Rule 24 is the appropriate level of discipline to impose. It is not relevant that the criminal conduct leading to a conviction is unrelated to the practice of law. We expect all members of the bar to comport themselves in accordance with the criminal laws of this state. *In re Coia*, 762 A.2d 439, 441 (R.I. 2000). However, punishment of the respondent is not the purpose of professional discipline. That punishment has already been imposed by the Superior Court via sentencing. Professional discipline serves two purposes: protecting the public and maintaining the integrity of the profession. *In re Almonte*, 678 A.2d 457, 458 (R.I. 1996).

After review of the petition filed by Disciplinary Counsel, the representations of the respondent, his counsel, and consideration of the mitigating factors presented, we deem an order of suspension in this matter is necessary to maintain the integrity of the profession. Accordingly, the respondent, Stephen M. Hunter is suspended from the practice of law for one year, commencing thirty days from the date of the filing of this order. During this thirty day period, the respondent shall conclude those pending matters that can be resolved, and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choosing. He shall not take on any new cases. Additionally, within ten days of the commencement of his suspension, the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

Upon the expiration of his one year period of suspension, the respondent may apply for reinstatement to the practice of law. At that time, it is the respondent's burden to convince this Court that he is fit to resume his membership in the bar of this state.