**In re Stephen M. HUNTER, Respondent.**

**No. 10–BG–235.**

District of Columbia Court of Appeals.

Filed June 10, 2010.

Before RUIZ, Associate Judge; and PRYOR and FARRELL, Senior Judges.

**ORDER**

PER CURIAM.

On consideration of the certified copy of the amended order issued by the Supreme Court of Rhode Island suspending respondent, *see In the Matter of Stephen M. Hunter*, 980 A.2d 755 (R.I.2009), this court's March 22, 2010, order suspending respondent and directing him to show cause why reciprocal discipline should not be imposed, there appearing to be no response, and Bar Counsel's May 5, 2010, Statement, it is

ORDERED that Stephen M. Hunter is hereby suspended from the practice of law in the District of Columbia for one year, and reinstatement is conditioned on his proof of fitness. *See* D.C.Bar. R. XI, § 11(c)(4) (reciprocal discipline shall be im-

posed unless the attorney shows by clear and convincing evidence that the misconduct warrants substantially different discipline in the District of Columbia); *In re Sawyer*, 953 A.2d 1019, 1020–1021 (D.C. 2008) (suspending administratively suspended attorney for three years with fitness requirement as identical reciprocal discipline imposed in connection with guilty plea, that was subsequently dismissed as part of pretrial diversion); and *In re Jacoby*, 945 A.2d 1193, 1200–1201 (D.C.2008) (offenses involving violence violate Rule 8.4(b) and sanctions have ranged from a thirty-day suspension to disbarment). It is

FURTHER ORDERED that, for purposes of reinstatement, this suspension will not commence until such time as respondent files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).