**In the Matter of Charles E. CASALE.**

**No. 2010–234 M.P.**

Supreme Court of Rhode Island.

Nov. 15, 2010.

David D. Curtin, Esq., Disciplinary Counsel.

Arthur D. Parise, Esq., Warwick.

**O R D E R**

This attorney disciplinary matter came before the Supreme Court in conference on October 19, 2010 pursuant to a petition filed by this Court's disciplinary counsel to suspend the respondent, Charles E. Casale, from the practice of law based upon his convictions for three misdemeanor crimes. Article III, Rule 12 of the Supreme Court Rules of Disciplinary Procedure, entitled "Attorneys convicted of crimes" provides, in pertinent part: "(d) Upon receipt of a certificate of a conviction of any attorney for a crime * * * this Court shall take such action as it deems warranted."

The facts giving rise to this matter are as follows. The respondent is a member of the bar of this state. On December 2, 2009, he entered a plea of nolo contendere in the District Court to one misdemeanor count of domestic assault in violation of G.L. 1956 § 11–5–3 and G.L. 1956 § 12–29–5. He was sentenced to a one-year term of probation, ordered to have no contact with the victim, and ordered to be assessed for alcohol treatment.

Later in the evening on December 2, 2009, respondent was arrested and charged in a one-count misdemeanor complaint with operating a motor vehicle while under the influence of intoxicating liquor in violation of G.L. 1956 § 31–27–2. On February 1, 2010, he entered a plea of nolo contendere to this charge in District Court, was fined $300 plus costs and assessments, ordered to perform ten hours of community service, and ordered to attend D.U.I. school. His license to drive a motor vehicle was suspended for three months. Unfortunately, this was not respondent's final contact with the criminal justice system as a defendant.

On February 24, 2010, respondent was charged in a one-count misdemeanor criminal complaint with violating the no-contact order issued by the District Court on December 2, 2009. The basis for this new charge was his attempt to contact the victim by telephone. At his arraignment he entered a plea of nolo contendere to this charge. He received a one-year suspended prison sentence at the Adult Correctional Institutions, was placed on one-year of probation, and ordered to obtain domestic abuse counseling. The notes of the sentencing judge indicate that this sentence is to be served consecutively to the sentence imposed by the District Court on December 2, 2009.[1] Additionally, he was found to be in violation of the terms of that probation, and was sentenced to a five-month term of home confinement. That period of home confinement has been fully served.

On July 1, 2010, disciplinary counsel forwarded to this Court certified copies of the

---

1. The respondent appears to be under a misapprehension as to when his suspended sentence will have been completed. He has represented to the Court that he believes that his sentence will conclude in December of 2010. However, that sentence was not imposed until February 24, 2010, and the judgment of conviction indicates the sentence is to be consecutive to the probationary one-year period imposed on December 2, 2009. If respondent needs clarification on the date he will have completed his suspended sentence, he should seek clarification from the sentencing court.

judgments of conviction in the three cases and a petition to suspend respondent from the practice of law.[2] We directed respondent to appear before the Court to show cause, if any, why the petition should not be granted. He appeared before the Court, with counsel. He did not contest the factual allegations set forth in the petition. However, he did request that the court impose a sanction less than an actual suspension or, in the alternative, a period of suspension of short duration.

After hearing the representations of respondent, his counsel, and disciplinary counsel, we deem it appropriate that professional discipline be imposed. We have consistently made it clear that "we expect all members of the bar to comport themselves in accordance with the criminal laws of this state." *In re Ciolli*, 994 A.2d 81, 82 (R.I.2010); *In re Hunter*, 980 A.2d 755, 756 (R.I.2009). An attorney who fails to obey those laws is also subject to the disciplinary jurisdiction of this Court. Professional discipline in this context serves the dual function of "protecting the public and maintaining the integrity of the profession." *Hunter*, 980 A.2d at 756. The respondent has been found guilty of three crimes, and is presently serving a suspended term of imprisonment. We believe that an order of suspension is required to maintain the integrity of the bar.

Accordingly, the respondent, Charles E. Casale, is suspended from the practice of law, commencing thirty days from the date of the filing of this order. During this thirty-day period, the respondent shall conclude those pending matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choosing. He shall not take on any new cases. Within ten days of the commencement of his suspension the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

This period of suspension shall remain in effect until the respondent has successfully concluded his suspended prison term. In addition, the respondent must submit sufficient evidence to disciplinary counsel that he has obtained treatment for alcohol abuse as a condition precedent to being eligible for reinstatement as a member of the bar, that he has fully served his suspended prison term, and that he is in compliance with his terms of probation.

---

**2.** On September 15, 2010, disciplinary counsel filed an amended petition, which was duly served upon respondent. It is the amended petition which was considered by the court.