## In the Matter of Denean RUSSO.

### No. 2011–49–M.P.

Supreme Court of Rhode Island.

March 17, 2011.

David D. Curtin, Esq., Chief Disciplinary Counsel.

William C. Dimitri, Esquire, Office of the Public Defender.

### O R D E R

This attorney disciplinary matter came before the Court at its conference on March 7, 2011, pursuant to a petition for discipline filed by this Court's disciplinary counsel. Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure, entitled "Proceedings in cases involving conviction of crime" provides, in pertinent part:

"An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by

imprisonment for more than one (1) year in this or any other jurisdiction may * * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."

The relevant facts are as follows. In the late hours of December 14, 2007, in the City of Cranston, the respondent, Denean Russo, was driving home in her motor vehicle. At the same time a pedestrian was walking his dog along the side of the road. The respondent's vehicle struck the pedestrian, causing personal injuries. She stopped her vehicle and exchanged words with the pedestrian. The respondent then stated that she was heading to her nearby home, but would be right back. She drove home, but did not return to the scene of the accident. The Cranston Police were called to the scene, and attempted to contact the respondent at her home. They did not receive a response.

On December 19, 2007, the respondent was charged with one felony count of leaving the scene of an accident resulting in personal injury, in violation of G.L.1956 § 31–26–1. On June 2, 2010, the respondent entered a plea of nolo contendere to the charge. She was sentenced to a five-year term of probation, and her license to operate a motor vehicle was suspended for one year.

On February 9, 2011, disciplinary counsel forwarded to this Court a certified copy of the judgment and disposition and his petition for discipline. We directed the respondent to appear before the Court to show cause, if any, why the petition should not be granted. The respondent appeared before the Court with counsel. She did not contest the factual allegations set forth in the petition. However, she did request that this Court refer this matter to the Disciplinary Board for the imposition of non-public discipline. Disciplinary counsel has recommended that she be suspended for thirty days.

The respondent presented the following mitigating factors for our consideration. She has been a member of the bar since November 8, 1993, and has no prior history of discipline. Her criminal conduct was not related to the practice of law. The respondent's insurance carrier paid monetary damages to the victim. In fact, the victim informed the prosecution that he did not wish to press the criminal charge. The respondent is the sole source of financial support for her minor children, and she is presently physically disabled as a result of injuries she incurred in an unrelated motor vehicle accident.

After hearing the representations of the respondent, her counsel, and disciplinary counsel, we deem it appropriate that professional discipline be imposed. "[T]he purpose of professional discipline is not to punish the attorney, but to protect the public and maintain the integrity of the profession." *In re McEnaney*, 718 A.2d 920, 921 (R.I.1998). The respondent has already received her punishment by the imposition of sentence. In entering a plea of nolo contendere to this charge, the respondent has admitted to sufficient facts to be found guilty of a felony. We expect all members of the bar to comport themselves in accordance with the criminal laws of this state, and an attorney who fails to do so tarnishes the integrity of the bar. *In re Hunter*, 980 A.2d 755, 756 (R.I.2009) (mem.). An order of discipline is required to restore that integrity. However, considering the respondent's previously unblemished career, we believe that the imposition of a public censure will serve as an appropriate level of discipline based upon these facts.

Accordingly, the respondent, Denean Russo, is hereby publicly censured.