Supreme Court
No. 2025-222-M.P.

In the Matter of Dilloun Rademacher, Esq.   :

**O R D E R**

On July 25, 2025, the Court's Chief Disciplinary Counsel filed an Emergency Petition for Immediate Interim Suspension and for the Appointment of Disciplinary Counsel as Special Master pursuant to Article III, Rule 5(b)(6) of the Supreme Court Rules of Disciplinary Procedure. The petition avers, among other facts with supporting evidence, the following:

1.  The Respondent-Attorney, Dilloun Rademacher, Esq., is currently an active attorney licensed to practice law in the State of Rhode Island.

2.  On May 24, 2023, the Respondent-Attorney was arrested by the North Kingstown Police Department and charged with the felony offense of domestic unlawful breaking and entering of the dwelling house of his former domestic partner, without her consent, in violation of G.L. 1956 § 11-8-2(a) and § 12-29-2(a)(13).  *See* C.A. No. 32-2023-03283.

3.  On May 12, 2024, the North Kingstown Police Department arrested the Respondent-Attorney and charged him with a new misdemeanor of violating a domestic no-contact order which was issued as a condition of his bail in

the felony domestic breaking and entering case (W2/23-363A) in violation of § 12-29-4 and § 12-29-2(a)(10). *See* C.A. No. 31-2024-3118.

4. On May 21, 2024, the Respondent-Attorney was arrested by the West Warwick Police Department, and another misdemeanor criminal complaint was filed charging him with domestic assault against his roommate in violation of G.L. 1956 § 11-5-3 and § 12-29-5, and engaging in a disorderly manner, to wit, engaging in violent and tumultuous behavior in violation of § 11-5-1 and § 12-29-5.

5. On June 13, 2024, the Respondent-Attorney entered a plea of nolo-contendere to the charge of violation of a domestic no-contact order. As part of his plea, the Respondent-Attorney was sentenced to a one-year filing with the condition that he complete domestic violence counseling and abide by a no-contact order.

6. On June 17, 2024, the Respondent-Attorney entered a plea of nolo-contendere to felony domestic unlawful breaking and entering of the dwelling house without the consent of the owner in violation of § 11-8-2(a) and § 12-29-2(a)(13). *See* C.A. No. W2/23-363A. As part of his plea, the Respondent-Attorney entered into a Deferred Sentence Agreement and his sentence was deferred for a period of five (5) years with the conditions that he complete domestic violence counseling and abide by a no-contact order.

7. The Respondent-Attorney's plea of nolo-contendere to the felony charge of domestic breaking and entering (W2/23-363A) and to the violation of a domestic no-contact order (C.A. No. 31-2024-3118) constitute admissions that the Respondent-Attorney committed criminal acts which reflect adversely on his honesty, trustworthiness, and fitness to practice law. *See In the Matter of Edward J. McEnaney*, 718 A.2d 920, 921 (R.I. 1998).

8. On October 31, 2024, the Massachusetts Office of Bar Counsel filed a Notice of Conviction and a Petition for Temporary Suspension with the Massachusetts Supreme Judicial Court (SJC) based upon the Respondent-Attorney's plea of nolo-contendere and subsequent imposition of a five-year deferred sentence in the Rhode Island felony domestic breaking and entering case (W2/23-363A).

9. After a hearing was held on November 20, 2024, the SJC issued an Interim Order, ordering the Respondent-Attorney to file a written opposition to the Petition for Temporary Suspension including all relevant police reports with the Clerk's Office of the SJC and the Office of Bar Counsel within one month from the entry date of the Court's Interim Order.

10. The Respondent-Attorney failed to file said written opposition to the Petition for Temporary Suspension either with the Clerk's Office or the Office of Bar Counsel.

11. On December 27, 2024, the Office of Bar Counsel filed a motion requesting the issuance of an Order of Temporary Suspension and that the matter be referred to the Board of Bar Overseers for appropriate investigation and commencement of formal proceedings.

12. On December 31, 2024, the SJC entered an immediate order temporarily suspending the Respondent-Attorney from practicing law in the Commonwealth of Massachusetts until further order of the SJC. The Respondent-Attorney remains suspended in Massachusetts.

13. The Respondent-Attorney has recently engaged in certain other public behavior that is untoward and erratic, bringing into questions his fitness to practice law and undermining the integrity of the profession.

The Emergency Petition came before a single justice of this Court, sitting as Duty Justice. After consideration of this Emergency Petition, the following is ordered:

1. In furtherance of protecting the public and maintaining the integrity of the legal profession, it is ordered, adjudged, and decreed that the Respondent-Attorney, Dilloun Rademacher, Esq., is hereby suspended from the practice of law in this state on a temporary basis, effective immediately and until further order of this Court.

2. Effective immediately and until further order of this Court, Chief Disciplinary Counsel Kerry Reilley Travers is appointed temporary Special Master and is hereby authorized to take possession of the Respondent-Attorney's client files to inventory same and to take whatever steps deemed necessary to protect the clients' interests, including but not limited to returning the files to the clients or new counsel of each client's choice. Disciplinary Counsel as temporary Special Master is hereby authorized to have full access to the Respondent-Attorney's law office and files in order to carry out her duties. The Respondent-Attorney is further ordered to fully cooperate with Disciplinary Counsel in transferring his client files and accounts, and shall also comply with the mandate of Article III, Rule 15 within **ten (10) days** of the date of this Order.

3. Disciplinary Counsel's Emergency Petition will be heard by the full Court at its conference on **September 4, 2025**.

Entered as an Order of this Court this **29th** Day of **July 2025**.

By Order,

/s/ Meredith A. Benoit
Clerk

- 5 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Dilloun Rademacher, Esq. | |
| **Case Number** | No. 2025-222-M.P. | |
| **Date Order Filed** | July 29, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kimberly Brissette Brown, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Dilloun Rademacher, *pro se* | |