**In the Matter of Daniel J. DONOVAN.**

**No. 93–494–M.P.**

Supreme Court of Rhode Island.

Dec. 6, 1993.

Mary Lisi, Chief Disciplinary Counsel, for plaintiff.

Daniel J. Donovan, pro se.

OPINION

PER CURIAM.

On July 30, 1993, the respondent, Daniel J. Donovan (Donovan), was presented before the United States District Court for the District of Rhode Island for sentencing. Donovan had pleaded guilty to filing a false federal income tax return in violation of United States Code, 26 U.S.C. § 7206(1), a felony, in case No. CR93–024B. He was sentenced to six months' home confinement, followed by two years of supervised probation. He was also ordered to file appropriate tax returns and to arrange for the disposition of his tax liability to the Federal Government. In addition, he was ordered to perform 200 hours of public service as arranged by the probation department.

■ Under Rule 12 of article III, of the Supreme Court Rules of Disciplinary Procedure for Attorneys, such an event brings an attorney before this court for disciplinary action. *See Carter v. Bucci*, 529 A.2d 153 (R.I.1987); *In re Mulvey*, 105 R.I. 778, 252 A.2d 27 (1969); *In re Conley*, 102 R.I. 756, 229 A.2d 847 (1967). In all but the rarest of cases the final conviction on a felony offense, in this or any other jurisdiction, brings about the disbarment of the attorney in question from the practice of law in this state. We are of the opinion that this is one of those rarest of occasions.

The sentencing judge in the Federal Court observed that respondent's situation almost defies explanation. In his decision he concluded that:

"[w]hat was done here was not motivated by greed. In fact, it looks as though what was done was done with the best of intentions * * *. That what [respondent] wanted was for the project to succeed and [respondent was] willing to put [his] head on the chopping block to have it done. * * * That [he] didn't have the kind of guile that one looks out for oneself. For some reason or other [he was] looking out for everybody else in the world except [himself]."

The project that the sentencing judge was referring to is the Continuing Legal Education program (CLE) for Rhode Island attorneys. Donovan ran the CLE program for thirteen years. For two years he was volunteer chair of the CLE Committee of the Rhode Island Bar Association, for four years he was part-time director of CLE for the bar association, and for seven years he was the director of CLE for the Rhode Island Law Institute.

During all those years the program fell far short of becoming selfsupporting. Donovan contributed not only countless hours of what otherwise would be income-producing time in his law practice but also money of his own to keep the program afloat.

In the later years, while he was employing office staff to run the program, he filed both personal and business tax returns showing withholdings that were never paid and personal tax obligations he could not meet. Donovan faithfully documented his entire tax liability to the government even when he was unable to pay it. His personal law practice and income suffered to the extent that he lost his home through mortgage foreclosure. Although this was happening, he continued to work diligently on the CLE program. One of the many attorneys and fellow teachers who wrote to the Federal Court in Donovan's support described him as follows:

"In my more than 35 years at the Bar, I have never met a person who was more devoted to the cause of the reputation and quality of the Bar than Dan Donovan nor have I met many other lawyers who were willing to make sacrifices in income which he did in order to advance principles of the highest importance."

Another colleague wrote:

"Mr. Donovan was essentially responsible for beginning the development of continuing legal education in Rhode Island. * * * [H]e built a network of volunteer attorneys who are for the most part still involved in continuing legal education."

It appears to the court that Donovan's only real potential at this point to earn income, from which he could not only address his tax liability but also support himself and his family, is through teaching. He has been a teacher of law courses at the Community College of Rhode Island for many years. The fact that he is a well-liked and dedicated teacher is obvious from statements and letters from faculty members and students that have been filed on Donovan's behalf. To continue this activity, however, he must be a member of the bar. Disbarment would obliterate this last remaining means he has to work his way out of the financial dilemma in which his self-sacrifice has placed him.

The court is of the opinion that disbarment would not be an appropriate response to this attorney's commitment and his gift of so much time and effort to improve the quality of continuing legal education.[1] We believe that Donovan should be publicly censured for his failure to address his situation realistically, which failure led to his conviction for violation of 26 U.S.C. § 7206(1). We do not denigrate or minimize the seriousness of this attorney's errors in judgment. Nevertheless, the Federal District Court and this court agree that the complete lack of criminality in this situation makes it exceptional. No other penalty is imposed, and this disciplinary proceeding is now closed.

FAY, C.J., did not participate.

---

1. In response to the experience of this court and the organized bar with voluntary continuing legal education, this court has inaugurated Mandatory Continuing Legal Education (MCLE) and has set up a program under the direction of a permanent commission of judges, lawyers, and members of the public pursuant to the provisions of article IV, Rule 3, of the Supreme Court Rules.