## In the Matter of Andrew M. CAGEN.

### No. 95–399 M.P.

Supreme Court of Rhode Island.

Sept. 15, 1995.

### ORDER

This matter came on for hearing before the Supreme Court on September 15, 1995, on a Petition to Revoke Respondent's License to Practice Law filed pursuant to Article III, Rule 24 of the Supreme Court Rules. On June 27, 1995, the Respondent was found guilty after entry of a guilty plea to one count of conspiracy in violation of 18 U.S.C. § 371. Respondent was sentenced by the United States District Court for the District of Rhode Island to a term of imprisonment of five (5) years, sentence suspended, and has been placed on probation for a period of five (5) years. After review of the Petition and hearing the arguments of counsel thereon, it is the considered opinion of this Court that the Petition be granted.

Accordingly, it is hereby ordered, adjudged and decreed that the Respondent, Andrew M. Cagen, be and he hereby is disbarred from the practice of law.

MURRAY, J., did not participate.

## In the Matter of Robert R. BROUSSEAU.

### No. 95–528 M.P.

Supreme Court of Rhode Island.

Sept. 21, 1995.

### ORDER

On July 17, 1995, Chief Disciplinary Counsel filed with this Court a Petition for Interim Suspension which avers that the Respondent has engaged in serious professional misconduct. This matter came on for hearing before the Court at its conference on July 27, 1995 and September 15, 1995. Respondent was represented by counsel. After hearing the arguments of counsel, we deem that an order granting the Petition for Interim Suspension is appropriate.

Accordingly, it is ordered, adjudged and decreed that Respondent, Robert R. Brousseau, be and he hereby is suspended from engaging in the practice of law in this State until further order of this Court.

It is further ordered that David D. Curtin, Chief Disciplinary Counsel, be appointed as Special Master to take possession of all Respondent's client files and client accounts, to inventory them, and to take whatever steps are necessary to protect the clients' interest. David D. Curtin, Chief Disciplinary Counsel is further empowered to enter upon Respondent's office premises in order to effectuate this Order.

MURRAY, J., did not participate.