**In the Matter of Peter A. ALMONTE.**

**No. 96–137–M.P.**

Supreme Court of Rhode Island.

July 10, 1996.

David A. Curtin, Providence, for Plaintiff.

Joseph A. Kelly, Providence, for Defendant.

## OPINION

PER CURIAM.

This disciplinary proceeding is before the court pursuant to a petition for discipline brought by this court's disciplinary counsel in accordance with the provisions of Article III, Rule 12(d) of the Supreme Court Rules of Disciplinary Procedure. Rule 12(d) provides that "[u]pon receipt of a certificate of a conviction of any attorney for a crime * * * [which is punishable by imprisonment of one year or less in this or any other jurisdiction,] this Court shall take such [disciplinary] action as it deems warranted."

The facts giving rise to these proceedings are as follows. On January 16, 1996, respondent, Peter A. Almonte, entered a plea of nolo contendere to each count of a five-count criminal information charging him with willful failure to file a Rhode Island personal income-tax return for the years 1988 through 1992, inclusive, in violation of G.L.1956 § 44–30–51. Section 44–30–94 provides that willful failure to file a personal income tax return is a felony punishable by a term of imprisonment of not more than one year or a fine of not more than $10,000 or both. The respondent was sentenced to a concurrent period of twelve months' probation on four of the counts contained in the criminal information and an additional period of six months' probation, to be served consecutively, on the remaining count. No fine was imposed by the sentencing court.

The only issue presented for consideration is the appropriate level of professional discipline to impose upon respondent for

his conviction on the above-noted charges. We have previously stated that "[i]n all but the rarest of cases the final conviction on a felony offense * * * brings about the disbarment of the attorney in question from the practice of law in this state." *In the Matter of Donovan,* 634 A.2d 861, 861 (R.I.1993). Our review of the facts of this case reveals that this is one of those rare cases.

The respondent has been a member of the Rhode Island Bar since 1964. In his thirty-two years of practice before the courts of this state he has never been the subject of any disciplinary proceedings, nor has he ever been charged with the commission of any other crime. The respondent had filed his Rhode Island personal-income-tax returns for all calendar years in which he was required to file a return prior to 1988. He filed his federal-income-tax returns and paid all federal income taxes due for each of the years in which he failed to file his state-income-tax returns.

The respondent's total income tax liability to the State of Rhode Island for the five years in which he failed to file an income-tax return was $14,625 all of which has been paid to the state prior to the institution of these proceedings. Had the respondent filed a return, he would have been entitled to a tax refund in the amount of $1,528 for calendar year 1989. However, any claim for a refund for that year was waived by his failure to file a return and a claim for a refund within the statutorily mandated time.

The respondent's conduct in failing to file a personal-income-tax return for the years 1988 through 1992 appears to be an anomaly. His financial difficulties arose when changes in the federal tax code made certain of his commercial real estate investments less profitable, and his sale of those investments resulted in substantial federal tax liabilities. The respondent sold many of his personal assets to meet his federal tax obligations. Unfortunately, he neglected his tax obligations to the State of Rhode Island.

Although this court cannot condone the failure of any attorney to comply with the requirements imposed by the law, we do not believe that the respondent's conduct warrants the imposition of the sanction of disbarment. The purpose of professional discipline is not to punish the attorney. The respondent has been punished for this conduct by the imposition of a term of probation by the sentencing court. The purposes of professional discipline are to protect the public and to maintain the integrity of the profession. In our opinion those dual purposes of professional discipline can best be served in this instance by the imposition of a public censure.

Accordingly the respondent is hereby publicly censured for his failure to file state personal-income-tax returns.