In the Matter of Samuel J. CONCEMI.

No. 98–80–M.P.

Supreme Court of Rhode Island.

March 4, 1998.

David D. Curtin, Chief Disciplinary Counsel, for Petitioner.

Samuel J. Concemi, Middletown, pro se.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The respondent, Samuel J. Concemi, is a member of the Rhode Island Bar and a former member of the Massachusetts Bar.

On October 9, 1997, the Rhode Island Supreme Court's Disciplinary Counsel filed a petition for reciprocal discipline pursuant to Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure, seeking the disbarment of the respondent. For the reasons set forth below, the petition is granted.

In December of 1990 respondent was convicted after a jury trial in the United States District Court for the District of Massachusetts of thirty-five felony charges relating to real estate closings. The specific charges were one count of conspiracy to defraud a federally insured bank, ComFed Savings Bank (ComFed), in violation of 18 U.S.C. § 371; seventeen counts of bank fraud in violation of 18 U.S.C. § 1344; and seventeen counts of making false statements to a federally insured bank in violation of 18 U.S.C. § 1014. The charges arose from respondent's concealment from ComFed of secondary financing agreements in seventeen transactions. In 1991 respondent was sentenced to thirty-six months' imprisonment, followed by two years' supervised release, and ordered to pay a fine of $6,000 and restitution in the amount of $16,460. The United States Court of Appeals for the First Circuit affirmed the conviction. *United States v. Concemi*, 957 F.2d 942 (1st Cir.1992).

On May 3, 1991, respondent was suspended from the practice of law in the Commonwealth of Massachusetts, where he maintained his law practice and where the criminal violations had occurred. This court received no notice of this suspension. However, respondent has been suspended from the practice of law in this jurisdiction for nonpayment of dues to the Rhode Island Bar Association. He has not practiced law in either jurisdiction since the date of that suspension order.

The Board of Bar Overseers (board) of the Supreme Judicial Court of the Commonwealth of Massachusetts conducted disciplinary hearings on the appropriate level of discipline to impose on respondent upon the basis of his criminal conviction. It was the recommendation of the board that he be suspended from the practice of law for a period of three years. This recommendation was rejected by the Supreme Judicial Court, and respondent was ordered disbarred from the practice

of law retroactive to May 3, 1991, the date of the temporary suspension order. *In re Concemi,* 422 Mass. 326, 662 N.E.2d 1030 (1996).

In September of 1997 respondent communicated with this court's disciplinary counsel, and advised counsel of his disbarment from the practice of law in Massachusetts. Upon receiving that information, counsel filed the instant petition.

Article III, Rule 14(a), of the Supreme Court Rules of Disciplinary Procedure provides:

"Upon being disciplined in another jurisdiction, a lawyer admitted to practice in this State shall promptly inform Disciplinary Counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the Board has been disciplined in another jurisdiction, Counsel shall obtain a certified copy of the disciplinary order and file it with the court."

This court received a certified copy of the disciplinary order of disbarment on October 9, 1997, and respondent was ordered to show cause, if any, why the imposition of identical discipline was not appropriate. Article III, Rule 14(d), provides that identical, reciprocal discipline shall be imposed by this court,

"unless [Disciplinary] Counsel or the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears:

(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

(3) that the imposition of the same discipline would result in grave injustice; or

(4) that the misconduct established has been held to warrant substantially different discipline in this State."

The respondent has not shown cause why reciprocal discipline should not be imposed. He was found guilty after trial before a jury of the crimes for which he has been convicted and disciplined. The criminal conviction was affirmed after appeal. Thereafter the order of disbarment was imposed following hearings before the board, and review by the Supreme Judicial Court of Massachusetts. Accordingly respondent has received all the process to which he was entitled.

In this jurisdiction as in Massachusetts a certificate of conviction of an attorney for a crime is conclusive evidence of the conviction of that crime in any disciplinary proceeding based upon the conviction. (Article III, Rule 12(b)). Therefore, this court must accept respondent's conviction as conclusive on the issue of guilt or innocence on the substantive charges.

The respondent has not demonstrated that the imposition of the sanction of disbarment would result in a grave injustice or that such misconduct has been held to warrant substantially different discipline in the state. He has been convicted of thirty-five felonies directly relating to the practice of law. This court has consistently held that "[i]n all but the rarest of cases the final conviction on a felony offense * * * brings about the disbarment of the attorney in question from the practice of law in this State." *Matter of Almonte,* 678 A.2d 457, 458 (R.I.1996) (quoting *In re Donovan,* 634 A.2d 861, 861 (R.I. 1993)). This court has previously imposed the sanction of disbarment upon an attorney convicted of similar crimes relating to real estate transactions. *In re Cagen,* 665 A.2d 35, 35 (R.I.1995).

It is the considered opinion of this court that the imposition of reciprocal discipline is mandated in this proceeding. Accordingly the respondent, Samuel J. Concemi, is hereby disbarred from the practice of law in this state. The effective date of this order of disbarment is May 3, 1991, in accordance with the decision of the Supreme Judicial Court of the Commonwealth of Massachusetts.

BOURCIER, J., did not participate.