**In the Matter of Arthur A. COIA.**

**No. 2000–224–M.P.**

Supreme Court of Rhode Island.

Nov. 20, 2000.

David Curtin—Chief Disciplinary Counsel, for Plaintiff.

Lauren E. Jones, Providence, Brendan V. Sullivan, Jr., Washington, DC, and Arthur A. Coia, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court, pursuant to a petition to revoke or suspend the license to practice law of the respondent, Arthur A. Coia, in accordance with Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure. On January 31, 2000, the respondent pled guilty to a criminal information, filed in the United States District Court for the District of Massachusetts, charging him with mail fraud in violation of 18 U.S.C. § 1341. His guilty plea was accepted by the federal district court. He was sentenced to serve a term of probation of two years, fined in the amount of $10,000, ordered to pay restitution in the amount of $99,646.79, and assessed a special fine authorized by the statute in the amount of $100.

Article III, Rule 12(g) of the Supreme Court Rules of Disciplinary Procedure requires disciplinary counsel to obtain a certified copy of the judgment of conviction of any attorney admitted to practice in this state and to file it with this Court for appropriate disciplinary action. Upon receipt of the certified copy of respondent's judgment of conviction and the petition filed by disciplinary counsel, this Court issued an order to respondent to show cause why the petition to revoke or suspend his license to practice law should not be granted. The parties submitted briefs and respondent appeared before this Court with counsel at its conference on September 21, 2000. Having reviewed the briefs of the parties and having heard the arguments of counsel and a statement from respondent, it is the considered opinion of this Court that respondent should be suspended from the practice of law for two years. The facts of this case insofar as pertinent to this proceeding are as follows.

The respondent has been a member of the bar of this state since 1968. He has served as a partner and co-founder of a prominent law firm in this state. He has never been professionally disciplined as a result of any client complaint filed against him. The circumstances giving rise to his criminal conviction bear no relationship to his conduct as an attorney.

In 1989, the respondent ceased to engage in the active practice of law in this state when he was elected to the second-highest office of the Laborers' International Union of North America (LIUNA). In 1993, he became general president of the union. Although he has not engaged in the active practice of law in this jurisdiction from 1989 until the present, he has retained his membership in the Rhode Island Bar throughout that period.

In 1994, the United States Department of Justice provided LIUNA with a draft civil Racketeer Influenced and Corrupt Organizations (RICO) complaint alleging that LIUNA was controlled by elements of organized crime. As a result of that assertion, respondent instituted and led a reform process of LIUNA that the Department of Justice has determined to be a success. Indeed, the government recom-

mended, and the sentencing court imposed, a downward departure from the presumptive sentence contained in the United States Sentencing Guidelines based upon respondent's substantial assistance in reforming LIUNA.

However, during the investigation of the activities of the union it was determined that respondent had engaged in illegal conduct relating to his purchase and storage of certain automobiles. In 1991, he arranged for the purchase of a 1991 Ferrari F–40 from an automobile dealership in the Commonwealth of Massachusetts. The purchase price was $450,000. That automobile was purchased under the name of a Rhode Island dealership, Viking Motors. In March 1993, respondent purchased that automobile from Viking Motors for $275,-000. He did not pay the statutory use tax of 7 percent of the automobile price, namely, $19,250.

In 1990, respondent purchased a 1972 Ferrari Daytona from a dealership in Fort Lauderdale, Florida. The purchase price of that automobile was $1,050,000. The respondent is a resident of the Town of Barrington, Rhode Island. As a resident of that town he was required to pay an annual excise tax on any automobiles that he owned and he was required to register those automobiles as being stored in the town. However, respondent fraudulently declared on his application for registration that he stored the automobile in the Town of Middletown, Rhode Island. The excise tax in Middletown was substantially lower than the excise tax imposed by Barrington. As a result of that fraudulent registration, respondent defrauded the Town of Barrington of $57,865.01 in excise taxes due.

Additionally, in 1993, respondent purchased a 1973 Ferrari 365 GTB4 from a dealership in Los Gatos, California. The purchase price of that automobile was $215,000. When respondent registered that vehicle with the State of Rhode Island he submitted a fraudulent invoice from a Rhode Island dealership, Viking Pontiac, that falsely represented the purchase price as being $2,160. Significantly, the fraudulent invoice was signed under oath by respondent. As a result of that false representation, respondent was assessed and paid a use tax of $151.20, rather than the true tax owed, $15,050. The respondent also falsely registered this automobile as being stored in Middletown, Rhode Island, further defrauding the Town of Barrington of an additional $7,632.98 in excise taxes owed.

All of the above-noted transactions would at first review appear to be a matter of state concern, not of federal concern. However, respondent used the United States mail to carry out his fraudulent acts. His use of the mail was sufficient to invoke federal jurisdiction in this matter.

Mail fraud is a felony offense punishable by a term of imprisonment of up to five years; a maximum fine of $250,000; three years of supervised release; and a special assessment of $100. There are two essential elements to the crime of mail fraud: a scheme to defraud and the use of the mail for the purpose of executing the scheme. *See Pereira v. United States*, 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435, 444 (1954).

■ The respondent is before this Court convicted of a crime constituting a felony under federal law. An essential element of that offense is an act or acts of dishonesty. While this conduct does not involve any action by respondent acting in his capacity as an attorney, his conduct cannot be condoned by this Court. We expect that all attorneys in this state shall at all times comport themselves in accordance with the criminal laws of this state and the United States. Accordingly, respondent's admitted illegal conduct warrants the imposition of professional discipline by this Court.

■ In determining the appropriate level of discipline to impose, we note that "the purpose[ ] of professional discipline [is] to protect the public and to maintain the integrity of the profession." *In the Matter of Almonte*, 678 A.2d 457, 458 (R.I.

1996). "The purpose of professional discipline is not to punish the attorney." *Id.* Punishment has already been imposed by the sentencing court. *See id.* In fashioning a disciplinary sanction, we balance the severity of the violation against the aggravating and mitigating factors. *See In the Matter of Fishbein,* 701 A.2d 1018, 1020 (R.I.1997).

■ The respondent has been convicted of a serious crime involving dishonesty. He has submitted false statements, under oath, to avoid payment of substantial taxes due the State of Rhode Island and the Town of Barrington. However, in the instant case, no further aggravating factors exist; respondent has not received any prior disciplinary sanctions.

The respondent has presented this Court with a number of mitigating factors that we deem significant. First, he has had an unblemished legal career up to this point. He has served as a benefactor to both Providence College and Southern New England School of Law. His generosity has provided many working class students the opportunity to obtain an education that would otherwise have been beyond their means to achieve. He has not sought and has, indeed, shunned any recognition for these endeavors. The Court has received many letters attesting to respondent's civic actions, which portray a character vastly at odds with the isolated events that gave rise to his conviction. We further note the federal government's recognition of respondent's efforts to reform a corrupt union at great risk to himself.

After weighing all these factors, it is the considered opinion of this Court that the appropriate disciplinary sanction to impose in this case is a suspension from the practice of law. Accordingly, the respondent, Arthur A. Coia, is suspended from the practice of law for two years, commencing on the date of the filing of this opinion.