**In the Matter of John F. LALLO.**

No. 2000–526 M.P.

Supreme Court of Rhode Island.

March 14, 2001.

David Curtin, Chief Disciplinary Counsel, for Plaintiff.

John P. Toscano, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case is before the Court pursuant to a petition to revoke or suspend the license to practice law of the respondent, John F. Lallo, in accordance with Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure. Rule 24, entitled "Proceedings in cases involving conviction of crime" provides, in pertinent part:

> "An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by imprisonment for more than one (1) year in this or any other jurisdiction may * * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."

On April 5, 2000, respondent was charged in a four-count criminal indictment filed in the United States District Court for the District of Rhode Island. On September 7, 2000, he entered a guilty plea to count 3 of the indictment, which charged him with violating section 1623 of title 18 of the United States Code. The remaining counts of the indictment were dismissed by the government. 18 U.S.C. § 1623(a), entitled "False declarations before grand jury or court" provides, in relevant part:

> "Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration * * * shall be fined under this title or imprisoned not more than five years, or both."

On December 1, 2000, respondent was sentenced to a term of probation of two years, with the initial six months of that probationary term to be served in home confinement. Additionally, he was fined in the amount of $8,000 and ordered to pay $41,000 in restitution. It was a further condition of his probation that the respondent must remain outside of any establishment that features gambling activities.

The material facts resulting in respondent's felony conviction are summarized as follows. On March 5, 1996, respondent filed a voluntary petition for bankruptcy pursuant to chapter 7 of title 11 of the United States Code. The petition contained a "Statement of Financial Affairs" that required respondent to disclose information to the Bankruptcy Court. These disclosures must be made and sworn to under penalty of perjury.

Question 3 of the "Statement of Financial Affairs" requires a person seeking protection from creditors under the bankruptcy laws to list all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor made within ninety days immediately preceding the commencement of chapter 7 proceedings. In answering this question, under oath, respondent checked the provided box indicating "none." In fact, within ninety days of the filing of the petition and in contravention of his declared statement, respondent had paid $13,000 on his line of credit to Foxwoods Resort Casino; an additional $13,000 to a relative and frequent gambling associate at Foxwoods Casino; [1] approximately $5,000 in payment on loans he had taken against whole life insurance policies; $3,000 in loan repayments to Domestic Bank; and, $7,000 in loan repayments to Westerly Savings Bank. Failure to disclose these payments was material because a trustee in bankruptcy may seek to recover such preferential payments to provide

---

1. The respondent readily acknowledges that he was a frequent patron of a gambling casino. However, he has represented to this Court that his financial difficulties arose from losses in a real estate transaction rather than from losses at the gaming tables.

for a fair allocation of assets to the creditors of the bankrupt estate.[2]

 As required by Article III, Rule 12 of the Supreme Court Rules of Disciplinary Procedure, this Court's Disciplinary counsel obtained a certified copy of the judgment of conviction and filed it with this Court. The sole issue before us is the appropriate level of discipline to impose based upon that conviction. Violation of 18 U.S.C. § 1623 is a felony offense. We have long held that conviction of a felony offense, in this or any other jurisdiction, will result in the disbarment of any attorney except in the rarest of cases. *In the Matter of Almonte*, 678 A.2d 457, 458 (R.I. 1996) (per curiam); *In the Matter of Donovan*, 634 A.2d 861, 861 (R.I.1993) (per curiam). Our review of the facts of this case leads us to conclude that deviation from this standard is not appropriate in the matter before us.

In pleading guilty to count 3 of the indictment, respondent has conclusively acknowledged that he provided a false statement, under oath, in a judicial proceeding. He has requested that we fashion a disciplinary sanction less than disbarment to address this misconduct. In support of his plea for leniency we note that he has been a member of the bar since 1958 without receiving any disciplinary complaints and that from 1978 until his retirement in 1998 he served as an associate judge of the Administrative Adjudication Court.[3] The conduct for which he has been convicted bears no relationship to his actions as an attorney or as a judge.

However, respondent has been convicted of committing a serious felony that undermines the judicial process and fosters disrespect for the law. It is axiomatic that a judicial proceeding is a search for the truth. Witnesses are placed under oath in the expectation that the taking of that oath will lead to the presentation of truthful testimony. When a witness provides false testimony under oath he or she undermines the very process of law.

Professional discipline serves two important functions, protecting the public and maintaining the integrity of the profession. *In the Matter of Almonte*, 678 A.2d at 458. A judge and attorney who testifies falsely in a judicial proceeding tarnishes the integrity of our profession. That damaged integrity can be restored only by the imposition of the harshest disciplinary sanctions.

Accordingly, the respondent, John F. Lallo, is hereby disbarred from the practice of law in this jurisdiction.

Chief Justice WILLIAMS did not participate.

---

2. The restitution order contained in the judgment of conviction requires respondent to make payment to the trustee in bankruptcy.

3. At the time of his appointment through 1992 the Administrative Adjudication Court (AAC) was part of the Department of Transportation and was called the "Administrative Adjudicative Division (AAD)." In 1993, the AAD became part of the unified court system and its title changed to AAC. After respondent retired, the AAC became the Traffic Tribunal.