**In the Matter of John S. CIOLLI.**

**No. 2010–62–M.P.**

Supreme Court of Rhode Island.

May 3, 2010.

David D. Curtin, Chief Disciplinary Counsel.

Michael J. Pisaturo, Esq.

**O R D E R**

This attorney disciplinary matter came before the Court at its conference on April 22, 2010 pursuant to a petition filed by this Court's disciplinary counsel to suspend the

---

respondent, John S. Ciolli, from the practice of law based upon his conviction of a crime. Article III, Rule 12 of the Supreme Court Rules of Disciplinary Procedure, entitled "Attorneys convicted of crimes" provides, in pertinent part: "(d) Upon receipt of a certificate of a conviction of any attorney for a crime * * * this Court shall take such action as it deems warranted."

The facts giving rise to this matter are as follows. The respondent, John S. Ciolli, is a member of the Rhode Island Bar. On February 27, 2007 the respondent entered a plea of nolo contendere to three misdemeanor counts of bookmaking in violation of G.L. 1956 § 11–19–14. On March 9, 2007 the respondent was sentenced to a one-year suspended sentence and one year of probation on each count, with the sentences to be served consecutively. Additionally, the respondent was fined $250 on each count. The respondent has paid his fines and has completed the sentence imposed.

On February 24, 2010 disciplinary counsel forwarded to this Court a certified copy of the judgment of conviction and his petition to suspend the respondent from the practice of law.[1] We directed the respondent to appear before the Court to show cause, if any, why the petition should not be granted. The respondent appeared before the Court, with counsel. He did not contest the factual allegations set forth in the petition. However, he requested that this Court issue a reprimand rather than an order of suspension.

The respondent presented the following mitigating factors for our consideration. He has been a member of the bar since February 17, 2002, and has no prior histo-ry of discipline. His criminal conduct was not related to the practice of law and no clients were involved. The respondent reported that he had developed an addiction to gambling on sporting events, which has led to his wagering large sums of his own money with members of an organized gambling enterprise, and also placing bets for others. He is truly remorseful for his conduct, and has sought counseling to address his gambling problem.

After hearing the representations of the respondent, his counsel, and disciplinary counsel, we deem it appropriate that professional discipline be imposed. We expect all members of the bar to comport themselves in accordance with the criminal laws of this state. *In re Hunter,* 980 A.2d 755, 756 (R.I.2009); *In re Coia,* 762 A.2d 439, 441 (R.I.2000). Those attorneys who fail to obey the criminal laws of this state are also subject to the disciplinary jurisdiction of this Court. Professional discipline in this context serves two important functions: protecting the public and maintaining the integrity of the profession. *In re Almonte,* 678 A.2d 457, 458 (R.I.1996). Although we do not believe that a suspension is necessary for the protection of the public in this matter, we do believe that when an attorney has been sentenced to a period of incarceration, even though that sentence is suspended, the integrity of the bar is tarnished. An order of suspension is required to restore that integrity.

Accordingly, the respondent, John S. Ciolli, is suspended from the practice of law for six months, commencing thirty days from the date of the filing of this order. During this thirty-day period the respondent shall conclude those pending matters that can be resolved, and arrange

---

1. The respondent was not required to notify this Court or disciplinary counsel at the time of his conviction. Disciplinary counsel was notified of that conviction in November of 2009 when the respondent applied to the Department of Business Regulation to be licensed as a real estate broker.

for the orderly transfer of his remaining client matters to new counsel of the client's choosing. He shall not take on any new cases. Within ten days of the commencement of his suspension the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

The respondent shall be reinstated to the practice of law six months after the effective date of this order provided that he submit sufficient evidence to disciplinary counsel that he has obtained continuing treatment for his gambling affliction. Failure on the part of the respondent to comply with this condition may result in an extension of the period of suspension.

Justice GOLDBERG did not participate.