### In the Matter of Milan AZAR.

### No. 2011–359–M.P.

Supreme Court of Rhode Island.

Nov. 10, 2011.

David D. Curtin.

Milan Azar.

#### ORDER

This disciplinary matter came before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On August 11, 2011, this Court's disciplinary board (board), forwarded to the Court its decision and recommendation that the respondent, Milan Azar, be ordered to perform twenty hours of *pro bono* legal service as a sanction for professional misconduct, and that upon completion of that service the disciplinary charges against the respondent be dismissed. Rule 6(d) provides in pertinent part:

"If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The respondent appeared before this Court for a conference on September 15, 2011 to show cause why he should not be disciplined in accordance with the board's recommendation. Having heard the representations of the respondent and this Court's Disciplinary Counsel, and having reviewed the recommendation of the board, we deem that an order requiring the respondent to perform *pro bono* legal service is appropriate.

The relevant facts giving rise to this disciplinary proceeding, as determined by the board, are as follows. The respondent has been a member of the bar of this state for twenty-nine years, practicing exclusively before the Family Court. A substantial portion of the respondent's practice is the result of court-appointed representation in juvenile matters, including guardianship cases. When an attorney provides court-appointed representation in guardianship cases they may seek compensation from the Department of Children, Youth and Families (DCYF) for those services. At all times relevant to this disciplinary pro-

ceeding, DCYF maintained a payment schedule authorizing a maximum court-appointed attorney fee of $2,000 per child with respect to guardianship proceedings.

In December of 2009, the respondent represented four children from the same family in a guardianship case. In February of 2010, he submitted a request for payment to DCYF in the amount of $2,000 for each child. The respondent's initial request for payment did not provide an itemization of the services rendered.

DCYF did not honor the respondent's request for payment and directed him to submit a more specific bill itemizing the services provided. On March 1, 2010, he submitted revised invoices indicating he had performed in excess of sixty-three hours of legal services, including fourteen hours of in-court representation. His actual time was significantly less. Two weeks later, and prior to receiving a response to his second request for payment, respondent sent an E-mail to DCYF indicating that his staff had sent out erroneous invoices, and sent a third set of invoices again seeking payment in the amount of $8,000.

On March 24, 2010, DCYF submitted a complaint to Disciplinary Counsel regarding the respondent's billings. In response to that complaint, the respondent asserted that any mistakes contained in his submitted invoices were the result of staff error. However, further investigation revealed that the respondent has no staff. When confronted with that information by Disciplinary Counsel, the respondent acknowledged that he had in fact prepared the invoices, that he was unsure as to the proper method of submitting invoices for guardianship work, and that he concocted a story about an incompetent staff to hide his embarrassment.

The respondent was charged in a petition for disciplinary action with violating,

inter alia, Article V, Rules 1.5 and 8.4(c) of the Supreme Court Rules of Professional Conduct. Rule 1.5, entitled "Fees," provides, in pertinent part: "(a) A lawyer shall not make an agreement for, *charge*, or collect an unreasonable fee * * *." (Emphasis added). The respondent has yet to receive any payment from DCYF on these invoices; however, he clearly attempted to collect an unreasonable fee for the services provided. At the disciplinary hearing the respondent acknowledged that his invoices were inappropriate. The board concluded, and we agree, that the respondent violated Rule 1.5.

The respondent compounded this violation by making false representations to DCYF and then to Disciplinary Counsel that his inappropriate billings were the result of "staff" error. Rule 8.4, entitled "Misconduct," provides, in pertinent part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Fear of embarrassment is not a sufficient excuse for an attorney to engage in deceptive conduct. Accordingly, we agree with the board that the respondent has violated this rule as well.

In addition to the respondent's billing practices and false statement, DCYF also brought to the attention of Disciplinary Counsel two instances where the respondent had approached unrepresented individuals who were present in the courthouse for guardianship hearings and offered to provide legal services for which DCYF could be billed. Article V, Rule 7.3 of the Supreme Court Rules of Professional Conduct, entitled "Direct contact with prospective client," provides, in pertinent part:

"(a) A lawyer shall not by in-person, live telephone or realtime electronic contact solicit professional employment from a prospective client when a significant mo-

tive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:

"(1) is a lawyer;

"(2) has a family, close personal, or prior professional relationship with the lawyer; or

"(3) is a business organization, a not-for-profit organization, or governmental body and the lawyer seeks to provide services related to the organization."

At the disciplinary hearing the respondent provided testimony, which the board found to be sincere and credible, that he approached these individuals because they seemed genuinely upset over the pending matters. His primary goal was to offer assistance to confused or distraught individuals rather than to obtain financial gain. However, he acknowledged that his approach was inappropriate, and asserted that he will no longer seek to provide representation to such individuals. When he appeared before this Court we pointedly directed him to avoid such contact in the future.

Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure provides a wide-range of available sanctions for attorney misconduct, including an order to provide *pro bono* legal services, which the board has recommended here. Professional discipline serves two important functions; protecting the public and maintaining the integrity of the profession. *In re Ciolli,* 994 A.2d 81, 82 (R.I.2010). We weigh both mitigating and aggravating factors in determining the appropriate level of discipline that will best serve those dual functions, *In re Fishbein,* 701 A.2d 1018, 1020 (R.I.1997). In mitigation, we note that the respondent has no prior discipline, that he appears to be fully remorseful for his conduct, and that he has taken full responsibility for his conduct. There are no aggravating factors present in this case.

Accordingly, we adopt the recommendation of the board. The respondent shall provide at least twenty hours of pro *bono* representation to clients in guardianship proceedings pending in the Family Court and shall submit proof that he has completed such service to the Chief Judge of the Family Court and this Court's Disciplinary Counsel within one year of the date of this order. Upon completion of that *pro bono* service this disciplinary matter shall be dismissed without further order.