Supreme Court

In the Matter of Steven A. Murray.                No. 2014-316-M.P.

**O R D E R**

This matter came before the Court at its conference on January 8, 2015, pursuant to a petition for discipline filed by this Court's Disciplinary Counsel. Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure, entitled "Proceedings in cases involving conviction of crime" provides, in pertinent part:

> "An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by imprisonment for more than one (1) year in this or any other jurisdiction may * * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."

The facts giving rise to the petition filed by Disciplinary Counsel are as follows. The respondent, Steven A. Murray, is a member of the Rhode Island Bar. On July 18, 2012, he was arrested by officers of the Coventry Police Department responding to a call placed to the emergency "911" telephone line. He was subsequently charged in a four-count criminal information filed in the Kent County Superior Court.

On October 15, 2014, he entered a plea of nolo contendere to one felony count of assault, in violation of G.L. 1956 § 11-5-2. The remaining counts in the criminal information were dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. The respondent was sentenced to a three-year term of imprisonment, sentence suspended, and three years of probation. Conditions of his probation include substance-abuse counseling, and he is ordered to have no contact with the victim.

On the same day he entered his plea to the felony assault charge, he also entered a nolo contendere plea to a separate misdemeanor charge of operating a motor vehicle while under the influence of intoxicating liquor, in violation of G.L. 1956 § 31-27-2. He was sentenced to a one-year term of imprisonment, sentence suspended, and one year of probation. The two sentences are being served concurrently.

Disciplinary Counsel has requested that we suspend the respondent's license to practice law based upon these two criminal convictions. The respondent appeared before the Court, with counsel, and requested that we impose a less severe sanction. The respondent presented mitigation evidence that his criminal conduct occurred while he was seriously intoxicated, that he has sought and continued treatment for his substance-abuse issues, including in-patient rehabilitative care, and that he has refrained from consuming alcohol and other intoxicating substances since his arrest on the felony charge. Having heard the representations of Disciplinary Counsel, the respondent, and his counsel, we determine that a suspension of the respondent's ability to practice law in this state is necessary.

There are two purposes of professional discipline: to protect the public and maintain the integrity of the profession. We expect that all members of the bar will comport themselves in accordance with the criminal laws of this state, and we believe that an attorney who fails to do so tarnishes the integrity of the profession. See In re Ciolli, 994 A.2d 81, 82 (R.I. 2010); In re Coia, 762 A.2d 439, 441 (R.I. 2000). By committing a crime of violence the respondent has tarnished the profession, and his conduct warrants a serious sanction.

We have recently addressed several cases where an attorney has been convicted of a crime of violence where there appears to be an underlying substance-abuse problem that contributed to the criminal conduct. In 2011, we imposed a two-year suspension, with

conditions of treatment and counseling for reinstatement, upon an attorney convicted of felony assault, willful trespass and disorderly conduct.  See In re Mosco, 13 A.3d 652 (R.I. 2011). Similarly, we suspended an attorney for one year after his conviction for three misdemeanor counts of domestic abuse and one felony count of possession of a controlled substance, namely, steroids.  In re Hunter, 980 A.2d 755 (R.I. 2009)

In reviewing the conduct of the respondent in this matter, and his on-going efforts at rehabilitation, we conclude that an eighteen-month suspension from the practice of law is appropriate.  At the conclusion of his eighteen-month period of suspension, the respondent may apply for reinstatement to the practice of law.  Should he do so, the respondent will bear the burden of convincing this Court that he has maintained his sobriety, that he has continued with his treatment for substance abuse, and that he is morally fit to resume the practice of law.

This period of suspension will commence thirty days from the date of this order.  During this thirty-day period, the respondent shall conclude those pending matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choosing.  He shall not take on any new cases.  Within ten days of the commencement of his suspension, he shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

Entered as an Order of this Court this 24th Day of February, 2015.

By Order,


_____/s/_____
Clerk

- 3 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       In the Matter of Steven A. Murray.

**CASE NO:**              No. 2014-316-M.P.

**COURT:**                Supreme Court

**DATE ORDER FILED:**     February 24, 2015

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**           N/A – Court Order

**JUDGE FROM LOWER COURT**:

                          N/A

**ATTORNEYS ON APPEAL:**

                 For Petitioner:    David D. Curtin, Esq.
                                    Disciplinary Counsel

                 For Respondent:  Thomas R. DeSimone, Esq.