Supreme Court

In the Matter of Christopher B. Maselli.　　　　No. 2016-44-M.P.


O R D E R

This matter was before the Court pursuant to a petition for reinstatement filed in accordance with Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure. The petitioner, Christopher B. Maselli, was disbarred by order of this Court effective December 16, 2010. Disbarment results in a loss of the privilege to practice law for at least five years, after which a disbarred attorney may apply for reinstatement. Subsection (c) of Rule 16, provides, in part, that on a petition for reinstatement the petitioner bears the burden of demonstrating to this Court that he or she "has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his or her resumption of the practice of law within the State will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest."

On February 24, 2016, the petitioner filed his petition for reinstatement. Disciplinary Counsel conducted an investigation to determine whether the petitioner satisfied the requirements for reinstatement, and submitted his report and recommendation to the Court on May 18, 2016. Disciplinary Counsel has advised this Court that he has no objection to the petition being granted.

The petitioner appeared before this Court, with counsel, at its conference on May 25, 2016. Having heard the representations of the petitioner, his counsel, and Disciplinary Counsel, we deem that the petition should be granted.

1

The petitioner was admitted to the practice of law in this state on November 5, 1999, he was continually engaged in the practice of law for eleven years, and had not been the subject of any disciplinary charges relating to his practice of law. However, on November 10, 2010, he entered a plea of guilty to an eight count criminal information filed in the United States District Court for the District of Rhode Island charging him with bank fraud. Each of those counts related to misrepresentations he had made to financial institutions regarding his income and available assets in order to obtain loans to finance his personal real estate interests and to obtain a personal automobile loan.

On December 16, 2010, after the entry of his guilty plea but prior to the imposition of his sentence the petitioner voluntarily consented to the suspension of his license to practice law. He subsequently was sentenced to a twenty-seven month term of imprisonment to be followed by a three year term of supervised release. Notably, there was no order of restitution as none of the lenders had suffered a loss at the time of sentencing. The petitioner has served his full sentence.

Disciplinary Counsel has not uncovered any information, other than the petitioner's conviction, that reflects adversely on his current fitness to return to the practice of law. We do not believe that conviction constitutes an insurmountable obstacle to his resumption of the practice. Accordingly, we hereby grant the petition for reinstatement, subject to the following conditions:

1.  Attorney Thomas Badway shall monitor the petitioner's practice of law for a period of two years.

2.  Attorney Badway shall submit written reports on a quarterly basis to Disciplinary Counsel regarding his review of the petitioner's practice.

3. The petitioner shall fully cooperate with Attorney Badway and Disciplinary Counsel regarding the monitoring of his practice.

Entered as an Order of this Court this 6th Day of June, 2016.

By Order,

_____/s/_____
Clerk



**TITLE OF CASE:**     In the Matter of Christopher B. Maselli.

**CASE NO:**     No. 2016-44-M.P.

**COURT:**     Supreme Court

**DATE ORDER FILED:**     June 6, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:     David D. Curtin, Esq.
                                    Disciplinary Counsel

        For Respondent:  Stephen R. Ucci, Esq.