Supreme Court

In the Matter of Steven A. Murray.                    No. 2017-172-M.P.


**O R D E R**

This matter is before the Court pursuant to a Petition for Reinstatement filed in accordance with Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.  On October 15, 2014, the petitioner, Steven A. Murray (petitioner or Murray), entered a plea of nolo contendere to one count of felony assault in violation of G.L. 1956 § 11-5-2.  He was sentenced to a three-year term of imprisonment, which was suspended with probation.  Conditions of his probation included substance-abuse counseling.  On that same date, petitioner also entered a nolo contendere plea to a misdemeanor charge of operating a motor vehicle while under the influence of intoxicating liquor, in violation of G.L. 1956 § 31-27-2.  He was sentenced to a one-year term of imprisonment, also suspended with probation, to be served concurrently with the sentence in his felony assault conviction.

On November 14, 2014, this Court's Disciplinary Counsel filed a petition pursuant to Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure, requesting that we suspend Murray from the practice of law based upon his convictions.  We directed petitioner to appear at our conference on January 8, 2015, to show cause why he should not be suspended. After hearing the representations of Disciplinary Counsel, Murray, and his attorney, we issued an order suspending Murray from the practice of law for eighteen months, commencing March 24, 2015.  *In re Murray*, 108 A.3d 207 (R.I. 2015)(mem.)  As we noted in that order, petitioner

presented evidence that his criminal conduct occurred while he was seriously intoxicated and that he had sought treatment for his substance-abuse issues. *See id.* at 208. We made it clear that, should petitioner seek reinstatement, he would bear the burden of convincing the Court that he has maintained his sobriety, continued with his treatment for substance abuse, and he is morally fit to resume the practice of law. *Id*

On May 4, 2017, petitioner filed the instant Petition for Reinstatement. Disciplinary Counsel conducted an investigation into petitioner's conduct since the date of his suspension, and on October 19, 2017, submitted his Report and Recommendation to us pursuant to Article III, Rule 5(b)(4) of the Supreme Court Rules of Disciplinary Procedure. In his report, Disciplinary Counsel noted that on January 7, 2016, petitioner pled nolo contendere to an additional charge of driving under the influence of liquor, a second offense, in violation of G.L. 1956 § 31-27-2(d)(2)(i), and was sentenced to twenty days to serve at the Adult Correctional Institutions with 345 days suspended with probation, and a one-year loss of license.

Disciplinary Counsel noted that petitioner had successfully completed his probationary terms for his convictions, no new offenses had occurred, that petitioner was actively involved in substance-abuse treatment, and there was no information that petitioner was currently abusing alcohol. Counsel recommended that any reinstatement be conditioned on petitioner continuing in substance-abuse treatment.

We considered this petition at our conference on November 16, 2017. After hearing the parties, we concluded that we were not satisfied that petitioner had taken adequate steps to confront and overcome his history of alcohol abuse. We continued this matter for six months, encouraged petitioner to more actively participate in substance-abuse programs, and directed him

to provide Disciplinary Counsel with a specific treatment plan and submit monthly written reports to Disciplinary Counsel regarding his compliance with that plan.

This matter was again before Court at its conference on May 30, 2018. Petitioner has taken, and is continuing to take, appropriate steps to address his alcohol abuse. Disciplinary Counsel has not uncovered any information, other than petitioner's above-noted convictions, that reflect adversely on petitioner's current fitness to be reinstated. A criminal conviction does not create an insurmountable obstacle to the resumption of the practice of law. *In re Maselli*, 143 A.3d 1084, 1085 (R.I. 2016)(mem.)

Accordingly, we hereby grant the Petition for Reinstatement, subject to the following conditions:

1. The petitioner shall continue with his substance-abuse treatment in accordance with his plan previously submitted to Disciplinary Counsel;

2. The petitioner shall submit written reports on a monthly basis providing evidence that he is in compliance with his treatment plan; and,

3. The above-noted conditions shall remain in effect for two years from the date of this order.

Entered as an Order of this Court this 19th Day of June, 2018.

By Order,


_____/s/_____
Clerk


3

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| Title of Case | In the Matter of Steven A. Murray. | |
| --- | --- | --- |
| Case Number | No. 2017-172-M.P. | |
| Date Order Filed | June 19, 2018 | |
| Justices | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| Source of Appeal | N/A | |
| Judicial Officer From Lower Court | N/A | |
| Attorney(s) on Appeal | For Petitioner:<br><br>Thomas R. DeSimone, Esq. | |
| | For Respondent:<br><br>David D. Curtin<br>Chief Disciplinary Counsel | |

SU-CMS-02B (revised November 2016)